IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARBARA LAUBENSTEIN                                               PLAINTIFF

v.                              CASE NO. 5:14-CV-05227

CONAIR CORPORATION                                                DEFENDANT

OPINION AND ORDER

Currently before the Court are Defendant Conair Corporation's Motion to Stay Proceedings, Compel Arbitration, and Strike Jury Demand (Doc. 9) and brief and exhibits in support (Doc. 10), Plaintiff Barbara Laubenstein's Response in Opposition (Doc. 15), and Defendant Conair's Reply (Doc. 17).  For the reasons set forth herein, Defendant's Motion to Stay Proceedings, Compel Arbitration, and Strike Jury Demand (Doc. 9) is **DENIED**.

I. BACKGROUND

On July 16, 2014, Plaintiff Barbara Laubenstein filed a Complaint in this Court alleging that her former employer, Defendant Conair, created a hostile work environment, subjected her to adverse employment actions, and ultimately terminated her employment all "in retaliation for having reported Conair Corporation's fraudulent activities."  See Doc. 1, ¶¶ 45, 46.  Ms. Laubenstein's Complaint sets forth two counts, arising from the same set of alleged retaliatory acts by Conair: violation of the Sarbanes-Oxley Act ("SOX") and wrongful termination in violation of Arkansas law.  Id. at ¶¶ 47 – 57.  Ms. Laubenstein has requested a jury trial.  Id. at ¶ 58.  On September 2, 2014, Conair filed this Motion (Doc. 9) asking the Court to: (1) compel Ms. Laubenstein to arbitrate her wrongful termination

1

claim pursuant to a purported arbitration agreement between Ms. Laubenstein and Conair, (2) stay the underlying action pending the conclusion of the arbitration, and (3) strike Ms. Laubenstein's demand for a jury trial pursuant to the same arbitration agreement.

## II. DISCUSSION

### A. Motion to Compel Arbitration; Motion to Stay Proceedings

Conair contends that Ms. Laubenstein entered into an arbitration agreement with Conair on March 14, 2012, and that this agreement compels arbitration of Ms. Laubenstein's wrongful termination claim. This purported arbitration agreement provides a long list of claims that must be arbitrated, including "actions and causes of action arising out of or in connection with the employment relationship with the Company, the termination of that relationship, and/or post-employment retaliation and defamation (including but not limited to any claims for wrongful discharge . . .)." (Doc. 10-2, p. 1). Conair concedes that under a recent Dodd-Frank amendment to the SOX, Ms. Laubenstein's SOX claim is not subject to arbitration. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 922(c)(2), 124 Stat. 1376, 1848 (2010) (codified at 18 U.S.C. § 1514A(e)). However, Conair argues that 18 U.S.C. § 1514A(e) does not bar arbitration of non-SOX claims that are brought alongside SOX claims, such as Ms. Laubenstein's state-law wrongful termination claim. Ms. Laubenstein insists, to the contrary, that the language of 18 U.S.C. § 1514A(e) renders the arbitration agreement unenforceable in its *entirety*.

The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a

controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon any grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has repeatedly recognized this to be the enunciation of a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S. Ct. 1740, 1745 (2011) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 24 (1983)). However, as with any other statutory requirement, the FAA's mandate "may be overridden by a contrary congressional command." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Ms. Laubenstein and Conair agree that 18 U.S.C. § 1514A(e) is one of those contrary congressional commands; they merely disagree on the scope of its contrariness.

Ms. Laubenstein bears the burden of showing that Congress intended for 18 U.S.C. § 1514A(e) to preclude enforcement of the arbitration agreement with regard to her wrongful termination claim. *Shearson*, 482 U.S. at 227. The Supreme Court observed in *Shearson* that if such congressional intent exists, then it "will be deducible from the statute's text or legislative history, or from an inherent conflict between arbitration and the statute's underlying purposes." *See id.* (internal alteration, citation, and quotation marks omitted). However, and as always, "[s]tatutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985). If the text of the statute is unambiguous, then that is the end of the matter. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992).

18 U.S.C. § 1514A(e)(2) states: "No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this

3

section." At first glance, this text is ambiguous. There would be no doubt on the face of it that its meaning comported with Ms. Laubenstein's preferred interpretation if, for example, it were to provide that "no predispute arbitration agreement shall be valid or enforceable, if the agreement *includes a requirement* that a dispute arising under this section be arbitrated." Similarly, there would be no doubt that its meaning comported with Conair's preferred interpretation if, for example, it were to provide that "no predispute arbitration agreement shall be valid or enforceable *to the extent that* it requires arbitration of a dispute arising under this section."

However, this latter "to the extent that" example provides the key to the resolution of § 1514A(e)(2)'s ambiguity because it is the exact language used in a different section of the Dodd-Frank Act concerning whistleblowing by employees who offer or provide financial products or services. *See* Pub. L. No. 111-203, § 1057(d)(2), 124 Stat. 1376, 2035 (2010) (codified at 12 U.S.C. § 5567(d)(2)). As Ms. Laubenstein correctly points out, federal courts—including the Supreme Court—have long recognized a canon of construction to the effect that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). In other words, given that Congress explicitly imposed a "to the extent that" limitation on a different arbitration override in the same piece of legislation, this Court must presume that Congress knew how to do so and that it intentionally chose not to impose such a limitation on the arbitration override at issue in the instant case.

Conair counters Ms. Laubenstein's reliance on this canon by citing *Gonzales v. Oregon* for the proposition that "Congress . . . does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions." 546 U.S. 243, 267 (2006). There is some force to this point, but it can be satisfied through the exercise of judicial restraint. At the present moment, this Court only needs to decide whether Congress intended to bar arbitration of a claim, such as Ms. Laubenstein's wrongful termination claim, that is "entangled with the SOX dispute and [that] arise[s] from the same nucleus of operative facts." *Steward v. Doral Fin. Corp.*, 997 F. Supp. 2d 129, 139 (D.P.R. 2014). It would not be appropriate, given the facts of this case, for this Court to decide whether Congress intended to bar arbitration of *every* claim brought alongside a SOX claim.

Adopting Conair's preferred interpretation not only would run counter to the canons of construction discussed above; it would frustrate the statute's purpose of "Whistleblower Protection"—which is the title given to § 922 of the Dodd Frank Act—by forcing SOX whistleblowers with entangled claims to choose between either engaging in duplicative and costly litigation in multiple forums or abandoning potentially meritorious claims.[1] Anticipating this point, Conair cites several Supreme Court cases for the proposition that the FAA has been interpreted to compel arbitration of pendent arbitrable claims even when doing so might result in duplicative litigation in multiple forums. *See, e.g., KPMG LLP v. Cocchi*, 138 U.S. 23, 24 (2011) (per curiam); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). In a similar vein, Conair cites to *Green Tree Fin. Corp.- Alabama v. Randolph* for its holding that, under the FAA, a party who seeks to invalidate

---

[1] The Court does not, by this observation, express any opinion as to the merits of Ms. Laubenstein's claims.

5

an arbitration agreement on the grounds that enforcement would be prohibitively expensive "bears the burden of showing the likelihood of incurring such costs." 531 U.S. 79, 92 (2000). However, these cases are inapposite; this Court's present task is not to interpret the FAA, but rather to interpret a different statute that *overrides* the FAA.

This Court finds that, as pleaded, Ms. Laubenstein's wrongful termination claim is entangled with, and arises from the same nucleus of operative facts as, her SOX claim. Therefore, and given the foregoing analysis, this Court holds that 18 U.S.C. § 1514A(e)(2) precludes enforcement of the arbitration agreement between Ms. Laubenstein and Conair with regard to Ms. Laubenstein's wrongful termination claim. Accordingly, the Court does not reach the issue of whether the arbitration agreement is invalid under state law. Furthermore, this ruling renders Conair's motion to stay the underlying action **MOOT**.

### B. Motion to Strike Jury Demand.

Conair argues that by entering into the arbitration agreement, Ms. Laubenstein waived her right to have a jury hear her SOX claim. (Doc. 9, ¶ 4; Doc. 10, p. 14). Conair also argues in its Reply that Ms. Laubenstein waived her right to a jury on the wrongful termination claim through the same instrument. (Doc. 17, p. 10). Specifically, Conair points to the provision in the arbitration agreement that states, "arbitration shall be the exclusive method for resolving any employment related dispute, and both the Company and the employee are giving up any right that they might otherwise have to have a judge or jury decide any such employment related dispute . . . ." (Doc. 10, p. 14; Doc. 10-2, p. 1).

Ms. Laubenstein's SOX claim is brought under 18 U.S.C. § 1514A(b)(1). *See* Doc. 1, ¶¶ 47 – 53. 18 U.S.C. § 1514A(e)(1) states: "The rights and remedies provided for in

6

this section may not be waived by . . . a predispute arbitration agreement." One of the rights explicitly provided for in that section is the right to have an action brought under subsection (b)(1) tried before a jury. 18 U.S.C. § 1514A(e)(1). Therefore, Ms. Laubenstein has not waived her right to try her SOX claim before a jury.

The Court has already held *supra* that the arbitration agreement is unenforceable as to Ms. Laubenstein's wrongful termination claim. The provision of the arbitration agreement cited by Conair, if enforceable, would bar trial of the wrongful termination claim before a judge every bit as much as it would bar trial of the same before a jury. *See* Doc. 10-2, p. 2 (". . . both the *Company* and the employee are giving up any right that they might otherwise have to have a *judge* or jury decide any such employment related dispute . . . .") (emphasis added)). The Court does not see any way to enforce the terms of the judge-or-jury waiver without also compelling arbitration. Therefore, Ms. Laubenstein also has not waived her right to try her wrongful termination claim before a jury.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay Proceedings, Compel Arbitration, and Strike Jury Demand (Doc. 9) is **DENIED**.

**IT IS SO ORDERED** this 19th day of November, 2014.

```
_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE
```