IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BARBARA LAUBENSTEIN**                                                    **PLAINTIFF**

**V.**                           **CASE NO. 5:14-CV-5227**

**CONAIR CORPORATION**                                              **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are Plaintiff Barbara Laubenstein's Motion to Amend Complaint (Doc. 28), Defendant Conair Corporation's ("Conair") Response in Opposition (Doc. 29), and Plaintiff Laubenstein's Reply (Doc. 31). For the reasons given below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

This case arises from the termination of Ms. Laubenstein's employment at Conair. Ms. Laubenstein filed her Complaint (Doc. 1) on July 16, 2014, alleging that Conair fired her in retaliation for her having reported what she believed to be a violation of 18 U.S.C. § 1514A(a)(1). Ms. Laubenstein alleged two counts in her Complaint—violation of the Sarbanes-Oxley Act, and wrongful termination in violation of Arkansas law. Ms. Laubenstein seeks leave to amend her Complaint by adding one additional count of wrongful termination in violation of California law. She is not seeking leave at this time to add any factual allegations to her Complaint; rather, her proposed Amended Complaint essentially alleges that the same facts she pleaded in her original Complaint constitute violations not only of federal and Arkansas law, but also of California law.

Fed. R. Civ. P. 15(a)(2) states that this Court "should freely give leave [to amend pleadings] when justice so requires." The United States Supreme Court has further explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 183 (1962). Conair opposes Ms. Laubenstein's Motion on three separate grounds—that her request for leave to amend has been unduly delayed, that amending the Complaint would be futile, and that her proposed Amended Complaint seeks to allege claims that should be subject to binding arbitration. The Court rejects Conair's argument concerning arbitration for the same reasons that were given in its Opinion and Order dated November 19, 2014 (Doc. 18).

In the Eighth Circuit, "it is well-settled that delay alone is not a sufficient reason for denying leave. The delay must have resulted in prejudice to the party opposing the motion." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) (internal citation omitted). Here, Conair does not appear to be arguing that undue prejudice would result from granting Ms. Laubenstein leave to amend her Complaint, and at any rate, the Court does not believe Conair would be unduly prejudiced. The deadline to amend pleadings—June 15, 2015—has not yet arrived. *See* Doc. 24, § 3. The deadlines for the close of discovery and the filing of dispositive motions are currently four and a half months and five months away, respectively. *See* Text Only Order of June 3, 2015, granting the parties' Joint Motion to Extend Discovery and Dispositive Motion

2

Deadlines. The trial of this matter is currently set to begin eight months from now. See Doc. 24, § 1. If Ms. Laubenstein is granted leave to amend her Complaint, Conair will have an ample and fair amount of time to adapt to the altered litigation terrain.

With regard to futility, Conair argues that if Ms. Laubenstein's proposed Amended Complaint were filed, it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because it "fails to mention California in any respect other than in the new cause of action," (Doc. 29, p. 5). The Court agrees. Ms. Laubenstein's proposed Amended Complaint (Doc. 28-1) does not recite even a single fact from which the Court could reasonably infer that California law applies in some manner to her employment relationship with Conair. And if Ms. Laubenstein's proposed Amended Complaint were challenged under Rule 12(b)(6), the Court would be prohibited from considering matters outside the pleadings when determining whether the California-law claim should be dismissed. See Fed. R. Civ. P. 12(d). However, considering the fact that in earlier filings Conair argued at great length that California law should govern Ms. Laubenstein's claims, see Doc. 10, pp. 2-7, 10-12; Doc. 17, pp. 4-8, the Court believes it would be rather hasty to conclude at this time that it would be impossible for Ms. Laubenstein to plead sufficient facts to state a claim of wrongful termination under California law.

**IT IS THEREFORE ORDERED** that Plaintiff Barbara Laubenstein's Motion to Amend Complaint (Doc. 28) is **GRANTED IN PART AND DENIED IN PART** as follows:

Ms. Laubenstein is **GRANTED** leave to file an Amended Complaint on or before the pleading amendment deadline of June 15, 2015, to the extent that her Amended Complaint adds a count of wrongful termination in violation of California law and pleads

sufficient facts to support a reasonable inference that California law applies to her employment relationship with Conair.

Ms. Laubenstein is **DENIED** leave to file the proposed Amended Complaint that was attached as an exhibit to her Motion at Doc. 28-1.

**IT IS SO ORDERED** this \_\_5th\_\_ day of June, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE